UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK: WESTCHESTER DIVISION
------------------------------------------------------------X
GALILEO CORTLANDT LLC,

                Plaintiff,

-against-

STEVEN CIANCIO,

                Defendant.
------------------------------------------------------------X

ECF Case
Case No. 07 Civ. 5983 (CLB)

**VERIFIED COMPLAINT**

ORIGINAL BRIEANT

07 CIV. 5983

## PARTIES

1. At all relevant times herein, plaintiff was and is a limited liability company organized and existing under the laws of the State of New York, with its principal office currently at 420 Lexington Avenue, New York, New York.

2. Upon information and belief, defendant is an individual domiciled in the State of Florida, with a residence address at 1124 S.W. 21st Lane, Boca Raton, Florida.

3. Upon further information and belief, for certain relevant periods herein defendant was the President of Town Center Deli, Inc., a New York domestic corporation.

## JURISDICTION AND VENUE


FILED
JUN 25 2007
USDC WP SDNY

4. This is a civil action and the Court has jurisdiction over same pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about March 22, 1999, Cortlandt Town Center Limited Partnership, a New York limited partnership, as landlord, entered into a written lease with Town Center Deli, Inc., as tenant, for the

premises located in a shopping center known as Cortlandt Town Center, in the Town of Cortlandt, Westchester County, New York ("the Town Center Deli Lease"). Said written lease was for a term commencing on April 1, 1999 and ending on March 31, 2004. A copy of the written lease is attached hereto and incorporated by reference as Exhibit "A."

7. In order to induce the landlord to enter into the Town Center Deli Lease with Town Center Deli, Inc., on or about March 22, 1999, defendant entered into a written agreement personally guaranteeing payment of rent and other sums due the landlord under the Town Center Deli Lease ("the Guaranty"), and further agreed that the Guaranty inured to the benefit of any of the landlord's successors, assigns and mortgagees. This Guaranty is part of and is attached to the Town Center Deli Lease referred to above (at page 32).

8. Pursuant to the terms of the Guaranty, the defendant submits to the personal jurisdiction of the state where the leased premises is located, and as such this Court has personal jurisdiction over the defendant.

9. In or about 2000, Town Center Deli, Inc. advised the landlord that it wanted to exercise its option to extend the Town Center Deli Lease for five (5) years and purchase an option to extend said lease by an additional five (5) years.

10. In or about October 23, 2003, Cortlandt Town Center Limited Partnership executed a Special Warranty Deed for the Cortlandt Town Center to plaintiff, and assigned the Town Center Deli Lease to plaintiff. The Special Warranty Deed and notice of assignment are annexed collectively hereto and incorporated by reference as Exhibit "B."

11. In or about November 8, 2004, plaintiff and Town Center Deli, Inc. entered into a Lease Extension and Modification Agreement, and extended the term of the Town Center Deli Lease to March 31, 2019. A copy of said Lease Extension and Modification Agreement is attached hereto and incorporated by reference as Exhibit "C."

12. In or about December 15, 2004, plaintiff entered into an Agreement for Assignment of Lease with Town Center Deli, Inc., as Tenant/Assignor, and Mehmet Shala and Emine Shala, as Assignees (the

"Assignment Agreement"). A copy of said Assignment Agreement is attached hereto and incorporated by reference as Exhibit "D."

13. Pursuant to the Assignment Agreement, Town Center Deli, Inc. remained liable for the prompt payment of rent and other sums due under the Town Center Deli Lease and the extensions and modifications thereto, for a period of three (3) years from the date of the Assignment Agreement.

14. On or about December 22, 2005, Assignees Mehmet Shala and Emine Shala filed a joint petition for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

15. On or about May 5, 2006, Assignees Mehmet Shala and Emine Shala were discharged of all debts pursuant to an order of the Bankruptcy Court.

16. On or about February 2, 2006, the Chapter 7 Trustee and the Assignees turned over possession of the premises to plaintiff.

17. From on or about February 2, 2006 to May 2006, plaintiff as an accommodation to Town Center Deli, Inc., permitted Town Center Deli, Inc. to market the personal property remaining on the premises.

18. In or about May 2006, Town Center Deli, Inc., through an auctioneer service, disposed of the personal property remaining on the premises.

19. In or about February 5, 2007, plaintiff duly made demand on the Town Center Deli, Inc.'s principals for payment of overdue rents and other charges under the Town Center Deli Lease, and accelerated rent and other charges through December 14, 2007, all in the principal amount of $193,362.00.

20. In or about February 5, 2007, plaintiff duly made demand on defendant as guarantor for payment of overdue rents and other charges under the Town Center Deli Lease, and accelerated rent and other charges through December 14, 2007, all in the principal amount of $193,362.00.

21. No payment has been made by Town Center Deli, Inc. or its principals after due demand except $15,000.

22. No payment has been made by defendant to plaintiff after due demand made therefor.

23. In or about April 23, 2007, plaintiff entered into a lease with a new tenant for the space formerly occupied by Town Center Deli, Inc., and rent payment is expected to commence on August 8, 2007.

24. Plaintiff therefore expects that its damages will be at least $120,568.00, based upon past due rent and other charges (including attorneys' fees expended) now accruing through June 2007, and accelerated rent and other charges from July to August 8, 2007 ($135,568.00), less the $15,000 received.

### AS AND FOR A FIRST CAUSE OF ACTION (Action on Guaranty)

25. Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1" through "24" above as if fully set forth herein.

26. An actual case or controversy exists between the parties hereto.

27. Plaintiff has been damaged by defendant's failure to pay as guarantor of Town Center Deli, Inc.'s obligations under the Town Center Deli Lease and the Assignment Agreement.

28. Plaintiff has been damaged by defendant in the amount of at least $120,568.00, plus the attorney's fees that will be expended in this litigation.

29. Plaintiff is entitled to a judgment against defendant in the amount of at least $120,568.00, plus its attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION (Breach of Contract)

30. Plaintiff repeats, reiterates and realleges the allegations set forth in paragraphs "1" through "24" and "26" above as if fully set forth herein.

31. Defendant breached his obligations under the guaranty by failing to pay the rents and other charges of the Town Center Deli Lease and the Assignment Agreement that are due and owing to plaintiff.

4

32. By reason of the foregoing, plaintiff has been damaged by defendant in the amount of $135,567.00, plus the attorney's fees that will be expended in this litigation.

33. Plaintiff is entitled to a judgment against defendant in the amount of at least $120,568.00, plus its attorney's fees.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in its favor and against Defendant Steven Ciancio on the First and Second Causes of Action in the amount of at least $120,568.00, plus attorney's fees, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: North Salem, NY
       June 21, 2007

Law Offices of Lisa M. Bluestein, LLC

By: _____
Lisa M. Bluestein (LB9939)
Attorneys for Plaintiff
5 Sun Valley Heights Road
North Salem, NY 10560
(914) 276-3935

5

# VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

JOEL CRYSTAL, being duly sworn deposes and says:

1. I am the Assistant Secretary of ERT AUSMGT GP LLC, the general partner of ERT AUSTRALIAN MANAGEMENT, L.P., which is the managing agent for GALILEO CORTLANDT LLC, the plaintiff herein.

2. I have read the foregoing Complaint and it is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon books, records and documents maintained by GALILEO CORTLANDT LLC, as well as discussions with said company's employees.

_____
JOEL CRYSTAL

Sworn to before me this
21st day of June, 2007

_____
Notary Public

GAIL SOLARCHIK
NOTARY PUBLIC, State of New York
No. 01SO4798199
Qualified in Queens County
Commission Expires Feb. 28, 2010