UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK: WESTCHESTER DIVISION
-------------------------------------------------------------------X
GALILEO CORTLANDT LLC,

                       Plaintiff,

          -against-

STEVEN CIANCIO,

                       Defendant.
-------------------------------------------------------------------X

Case No. 07 Civ. 5983 (CLB)(LMS)

## STIPULATION OF SETTLEMENT & order

**WHEREAS,** on or about March 6, 1999, Defendant Steven Ciancio executed a personal guaranty in favor of Plaintiff Galileo Cortlandt, LLC's predecessor in interest in order to induce said predecessor in interest to enter into a lease agreement for retail space in Cortlandt, New York, with the corporation Town Center Deli Inc., promising to unconditionally and absolutely guarantee the prompt and full payment of rent and all other sums due the landlord under the lease and all extensions and assignments thereof (the "Guaranty");

**WHEREAS,** pursuant to the terms of the Guaranty, Ciancio submitted to the personal jurisdiction of the state where the leased premises is located;

**WHEREAS,** on or about February 5, 2007, Galileo made demand on Town Center Deli, Inc. and Ciancio for payment of rent and other charges all in the principal amount of $193,362.00, and no payment was made to Galileo by Town Center Deli Inc. after due demand except $15,000.00, and no payment at all was made by Ciancio;

**WHEREAS,** on or about June 25, 2007, Galileo commenced the above captioned action against Ciancio for sums due it under the Guaranty, less the $15,000.00 paid;

**WHEREAS,** on or about June 25, 2007, Galileo caused to be delivered to Ciancio a Notice of Lawsuit and Request for Waiver; a Verified Complaint; Rule 7.1 Statement; and other documents related to the commencement of the above captioned action; and

**WHEREAS,** the parties desire to settle this action without further litigation and expense;

**NOW THEREFORE, IT IS HEREBY STIPULATED, CONSENTED AND AGREED TO** by and between the undersigned Plaintiff, Galileo Cortlandt LLC and Defendant, Steven Ciancio, for good and valuable consideration, and the mutual promises contained herein, that the above captioned action and the claims contained therein, are settled as follows:

1. This Stipulation shall be deemed to have been made and entered into as of August 13, 2007 ("Stipulation Effective Date").

2. Ciancio hereby formally appears in this action, consents to this Court's jurisdiction over his person and the subject matter of this action, and consents to this Court's continuing jurisdiction over this action for the purposes of compliance and enforcement of the terms of this Stipulation.

3. Ciancio shall pay Galileo the total sum of $30,000.00 ("Settlement Sum"), in full and complete settlement and satisfaction of Galileo's claims against him in the following amounts by an attorneys' escrow account check or official bank check:

    PAYMENT No. 1:  $20,000.00 on or before August 24, 2007;

    PAYMENT No. 2:  $5,000.00 on or before February 24, 2008; and

    PAYMENT No. 3:  $5,000.00 on or before August 22, 2008.

All payments above are to be made payable to the order of "Law Offices of Lisa M. Bluestein, LLC, as attorneys" and delivered to Law Offices of Lisa M. Bluestein, LLC, 5 Sun Valley Heights Road, North Salem, NY 10560.

4. Ciancio shall be in default under this Stipulation in the event, or upon the occurrence, of his failure to make any one or more payments when due as per paragraph three (3) above and such default has continued for a period of five (5) consecutive business days after written notice of default is served upon his attorney, Frank Loverro, Esq., 944 Gerard Avenue, Bronx, NY 10452, Fax No. (718) 293-0870.  Service of the notice shall be by facsimile transmission or Federal Express or equivalent overnight delivery service.

5. In the event of Ciancio's default under this Stipulation, as defined above, Galileo shall be entitled to immediately and without further notice, enter Judgment under FRCP 54 in this action with the Clerk of this

Court, for the sum of $30,000.00, plus interest from February 5, 2007, at a rate of nine (9%) per year, less credit for any payment(s) received pursuant to paragraph 3 of this Stipulation.

6. Conditioned upon the parties to this Stipulation's performance of their respective obligations hereunder, and effective only upon Ciancio having made all three (3) payments in accordance with paragraph three (3) above and all such payments having been collected and cleared, said parties shall release and forever discharge each other for any claim each may have against the other arising under the Guaranty and the above captioned action.

7. No delay in enforcement of any of Galileo's legal rights or remedies shall be construed as a waiver thereof. In the event of default, there shall be no right to reinstatement of this Stipulation, unless expressly agreed to in writing by Galileo.

8. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and wholly to be performed in New York.

9. Once this Stipulation is fully executed by the duly authorized representative of Galileo and by Ciancio, and so-ordered by the Court, the Stipulation may be filed with the Clerk of this Court without further notice.

10. This Stipulation constitutes the entire agreement between the parties and supersedes all prior agreements and communications, written and oral, regarding the subject matter contained herein. No provision of this Stipulation may be changed or modified, except in a writing duly executed by the parties hereto. This Stipulation shall inure to the benefit of the parties, and their successors and assigns.

11. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which together shall constitute one and the same document.

GALILEO CORTLANDT, LLC

By:_____
    Barry Borsky, Senior Vice President

_See next page_
STEVEN CIANCIO

SO ORDERED:

_____
U.S.D.J.

3

Court, for the sum of $30,000.00, plus interest from February 5, 2007, at a rate of nine (9%) per year, less credit for any payment(s) received pursuant to paragraph 3 of this Stipulation.

6. Conditioned upon the parties to this Stipulation's performance of their respective obligations hereunder, and effective only upon Ciancio having made all three (3) payments in accordance with paragraph three (3) above and all such payments having been collected and cleared, said parties shall release and forever discharge each other for any claim each may have against the other arising under the Guaranty and the above captioned action.

7. No delay in enforcement of any of Galileo's legal rights or remedies shall be construed as a waiver thereof. In the event of default, there shall be no right to reinstatement of this Stipulation, unless expressly agreed to in writing by Galileo.

8. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and wholly to be performed in New York.

9. Once this Stipulation is fully executed by the duly authorized representative of Galileo and by Ciancio, and so-ordered by the Court, the Stipulation may be filed with the Clerk of this Court without further notice.

10. This Stipulation constitutes the entire agreement between the parties and supersedes all prior agreements and communications, written and oral, regarding the subject matter contained herein. No provision of this Stipulation may be changed or modified, except in a writing duly executed by the parties hereto. This Stipulation shall inure to the benefit of the parties, and their successors and assigns.

11. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which together shall constitute one and the same document.

GALILEO CORTLANDT, LLC

By:_____
Barry Borsky, Senior Vice President

_____ 8/15/07
STEVEN CIANCIO

Having been settled this action is hereby discontinued
SO ORDERED:

_____
Charles Brieant
U.S.D.J.        August 29, 2007

3